## CLAFLIN et al. v. BEAVER et al.

*(Circuit Court, S. D. Ohio, E. D. January 13, 1888.)*

REPLEVIN—TRIAL—ORDERING ISSUES—SALE—FRAUD.

In replevin the issue was whether the goods sought to be taken were sold by plaintiffs to defendants upon false representations by the latter. The marshal having returned to the writ that he had taken and delivered the goods therein mentioned, the court refused to hear proof that some of the goods taken on the writ, although conforming to the general description given therein and in the return, had not been purchased from plaintiffs, or, if they had, that they had been paid for; and there was a general verdict for plaintiffs. *Held*, upon a motion for a new trial, that an order to frame an issue to try the facts offered to be proved, and vacating the verdict to such an extent as the issue might be found for defendants, was proper.

At Law. On motion for new trial.

This was an action of replevin, brought by H. B. Claflin & Co., who were wholesale merchants at New York, against A. M. Beaver, and another who was his partner during part of the time in which the replevied goods were being purchased, and a third defendant, to whom the goods had been assigned by the first-mentioned defendants for the benefit of creditors. The plaintiff's case was that the goods had been bought at different dates of the plaintiffs by Beaver and by Beaver & Co. for the purpose of stocking their retail house at Washington Court House, under circumstances and upon representations made by Beaver as to his and his firm's responsibility, which were fraudulent, and entitled the plaintiffs to rescind the sale. The petition and the writ of replevin in many instances described the goods gen-

erally, *e. g.*, so many pieces of calico; and the marshal returned upon the writ that he had taken the goods mentioned and described in the writ, and delivered them to the plaintiffs upon their giving bond. Upon the trial, which was upon general pleadings, the defendants offered to show by proof that some of the goods actually taken on the writ, although conforming to the general description of the writ, were in fact either never purchased of the plaintiffs, or if, in some instances, they had been so purchased, they had been paid for. But upon objection the court held that the marshal's return being that the goods delivered on the writ were those mentioned in the petition and writ, and the plea being simply a denial of the petition, no issue of the kind now proposed to be litigated was made by the pleadings, and therefore that the offered proof could not be received; but indicated that the matter should be the subject of a collateral issue in the case. The issue made by the pleadings was tried before the jury, who found a general verdict thereon for the plaintiffs. Thereupon the defendants moved for a new trial, relying principally upon the alleged error in rejecting the proof offered as above stated.

*Kramer & Kramer* and *Harrison & Marsh*, for plaintiffs.

*W. B. Maynard* and *W. O. Henderson*, for defendants.

SEVERENS, J., (*after stating the facts as above.*) In this cause a motion having been made by the defendants that the verdict be set aside and a new trial be granted therein, for the reason, among others, of alleged error of the court in excluding proof offered on the trial by the defendants that a part of the goods taken on the writ of replevin in this case and delivered to the plaintiffs, although covered by the general description in the petition and writ, were not purchased of the plaintiffs, or that, if purchased, had been paid for prior to the institution of this suit; and the said motion having been argued by the respective counsel for the parties, upon consideration thereof, it having appeared upon the trial of the cause that the foundation of the right to recover the goods for which the action was brought consisted in an alleged fraud on the part of the purchasers, who are defendants, in procuring a sale thereof to them from the said plaintiffs, and inducing such sale, it is now here ordered that said motion be granted, and the said verdict be vacated in so far and to the extent following only; that is to say, the parties may frame an issue upon the question whether some part of the goods taken by the marshal upon the writ in this cause, and delivered to the plaintiffs, were not purchased of the plaintiffs, or, having been purchased, were paid for prior to the beginning of this suit, and, if so, what was the value thereof at the time they were so taken by the marshal, including interest thereon to the date of the trial of the issue herein directed. Said issue may be framed upon a petition to be filed by the defendants within 30 days herefrom, and the answer of the plaintiffs to be filed within 10 days after notice of the filing of said petition, and such further pleading as the nature of said answer may require, according to the practice in the courts of the state of Ohio. See *Krippendorf* v. *Hyde*, 110 U. S. 276, 4 Sup. Ct. Rep. 27; *Covell* v. *Heyman*, 111 U. S. 176, 4 Sup. Ct. Rep.

355; *Gumbel* v. *Pitkin*, 8 Sup. Ct. Rep. 379, (January, 1888,) opinion by MATTHEWS, J. And it is further ordered that the verdict heretofore rendered stand as a finding of the original issues in favor of the plaintiffs, as to all the goods described in the petition and taken on the writ, except such as shall be found upon the issues now directed to have not been purchased from the plaintiffs by either of the defendants, or, if so purchased, were paid for prior to the beginning of this suit, to the end that upon the coming in of the finding of the issue to be framed upon the aforesaid question such judgment may be entered as all the facts and the rights of parties may require.